Clark *vs.* Thurmond.

JOHN C. CLARK and SUSAN J. CLARK, plaintiffs in error,
   *vs.* JESSE M. THURMOND, defendant in error.

An award having been made the judgment of the Court without objec-
   tion, equity will not interfere to set it aside on account of fraud in the
   original cause of action, or of fraud in obtaining the complainant's
   consent to the arbitration, where all the facts were known at the time
   of the motion to make the award the judgment of the Court.    (R.)

   *Res adjudicata.*   Before Judge KNIGHT.  Lumpkin Supe-
rior Court.   April Term, 1872.

   Jesse M. Thurmond filed his bill containg substantially
the following allegations:   That he is the owner of a certain
tract of land and of certain personalty situated in the county
of Lumpkin; that he has heretofore been subject to the use
of intoxicating liquors; that John C. and Susan J. Clark,
knowing his infirmity in this respect, and intending to injure
and defraud him, did, on the ... day of October, 1869, by
artful and unlawful means, induce him to become drunk, so
that he was wholly incapacitated to attend to business, and
whilst he was in this condition, obtained a deed from him to
said land, and also some pretended evidence that he had sold
to them the aforesaid personalty, which pretended convey-
ances were based upon no consideration whatever; that John
C. and Susan J. Clark, for the purpose of giving semblance
of right to said illegal transaction, by the same artful means
aforesaid, procured his consent to arbitrate the questions in
dispute with respect to said property, and that an arbitration
was had and an award rendered against him, to which award
he intended to file his exceptions, on the ground that said
award was illegal for the reason that the aforesaid convey-
ances were obtained upon no consideration, and by the fraud-
ulent means already set forth; that said award was made the
judgment of the Court by the false representations of John C.
and Susan J. Clark that he was fully satisfied with said
award and judgment; that he remained in possession of said
property and is still in the possession of the same, but that

Clark *vs.* Thurmond.

John C. and Susan J. Clark, with divers other persons, came to his house and threatened to eject him and his family, together with all of his property, unless he would acknowledge himself the tenant of said Susan J. Clark and pay to her rent; that he signed said acknowledgment under the aforesaid duress; that under the aforesaid fraudulent claims, said John C. and Susan J. Clark went into the corn field and took away one hundred bushels, more or less, of his corn, of the value of seventy-five cents per bushel, for which he prays an account; that he prays the writ of injunction may issue restraining John C. and Susan J. Clark from any and all further disturbance or interference with his free use, possesssion and enjoyment of said property and the rents, issues and profits thereof; prays further that all deeds and bills of sale may be declared null and void; that said lands and tenements be decreed his property, together with the rents, issues and profits; that said award and judgment be annulled and set aside; that the personalty be decreed his property; that said attornment be declared null and void; that the writ of subpœna may issue.

To this bill plaintiffs in error demurred, which demurrer was overruled, and said judgment is assigned as error.

R. A. QUILLIAN, for plaintiffs in error.

WIER BOYD, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants to set aside an award.    The defendants demurred to the bill, which the Court overruled, and the defendants excepted. The award of the arbitrators was made the judgment of the Superior Court, and according to the repeated rulings of this Court the allegations in the complainant's bill are not sufficient to authorize a Court of equity to interfere and set aside that judgment.

Let the judgment of the Court below be reversed.