## JOHN JOHNSTON vs. BENJAMIN F. PAUL.

### June 13, 1876.

Judgment on Award—How Reviewed.—A judgment duly rendered upon an award, pursuant to the provisions of Gen. St. c. 89, has the same final and conclusive effect, in all respects, as judgments in civil actions, and it can only be impeached, reviewed, or set aside in the same manner such judgments may be, and for like cause.

Same—Action to Set Aside, where Relief could be had on Motion.—An action cannot be maintained to set aside such a judgment on the ground that the award upon which it was rendered was procured by means of false testimony, in a case where the court rendering it has full power to grant adequate relief, upon proper application and showing, in the same suit.

This action was brought in the district court for Nicollet county, to set aside a judgment entered on an award of arbitrators, and, on appeal, affirmed by this court, (*Johnston* v. *Paul*, 22 Minn. 17,) and for an account of the profits of the business of a certain tannery, carried on by plaintiff and defendant, which was among the matters submitted to, and passed on, by the arbitrators. The ground on which the plaintiff sought to set aside the judgment was the alleged introduction, by defendant, of false books of account in evidence before the arbitrators. The action was referred to L. M. Brown, Esq., who ordered judgment for the defendant, which was entered, and plaintiff appealed.

*Chas. R. Davis* and *Lawrence Gronlund*, for appellant.

*Ladd & Stone*, for respondent.

CORNELL, J. The main question involved in this case relates to the effect of a judgment rendered upon an award made under and in pursuance of the provisions of Gen. St. *c.* 89, and whether such judgment can be impeached or set aside, in an action brought for that purpose, for matters occurring at the hearing before the arbitrators, or otherwise, which would be good cause for vacating the award and resubmitting the same under the statute, or for any matters which would be good ground for opening the judgment by the court wherein it was rendered, upon an application in due time for that purpose.

It is conceded that the district court, in this case, had full jurisdiction, under the statute, to render the judgment it did, both as respects the subject-matter and the parties. Parties desirous of entering into a submission under the statute must execute and acknowledge, in the manner therein provided, a written agreement, specifying the demands to be submitted, agreeing to submit the same to the determination of the arbitrators therein named, and that the judgment that may be rendered by the district court by them designated, upon the award made and reported therein, shall be final. Provision is made for the

hearing before the arbitrators, for the making and return of
their award to such district court, and for proper notice to
the parties of any action to be had therein. The court is
authorized to accept or reject the award for any legal and
sufficient reason; to recommit the same to the arbitrators
for a rehearing, or to amend or modify it in any of certain
specified particulars; to vacate the same on the ground that
it was procured by fraud, corruption, or other undue means;
or because of partiality or corruption in the arbitrators; or
of their misconduct in refusing to postpone the hearing on
sufficient cause shown; in refusing to hear pertinent and
material evidence; or for other misbehavior prejudicial to
either party; or because they have exceeded their powers,
or improperly executed them; and also on the ground that
the award is contrary to law and evidence. In case the
award is confirmed, the court is required to render judgment
in accordance therewith, and to make a record thereof in
the manner therein provided; and it is expressly enacted
that " such record shall be filed and docketed as records of
judgments in other cases, shall have the same force and
effect in all respects, be subject to all the provisions of law
in relation to judgments in actions, and may in like manner
be removed by appeal and reversed." * * * Gen. St.
c. 89, § 17.

It is clear, from these provisions, that a judgment duly
rendered in proceedings of this character has the same final
and conclusive effect, in all respects, as judgments in civil
actions; that it can only be attacked, impeached, reviewed,
or set aside in the same manner such judgments may be,
and for the same reasons.

Relief from the judgment in this case is based upon the
alleged fact that the award was fraudulently procured, by
means of false testimony and fabricated evidence. It is
averred that certain books, belonging to plaintiff and
defendant as partners, and kept to contain an account
of their partnership dealings and transactions, were used as

evidence, on the hearing before the arbitrators, by the defendant, and verified by his own oath as true books of account, although prior thereto, by his procurement, and for the fraudulent purpose of being so used, they had, in fact, been so materially altered and changed that they wholly misrepresented the actual condition of the partnership dealings, greatly to plaintiff's prejudice. These are the fraudulent matters charged by the plaintiff. It is admitted that he knew the false character of this evidence, and the defendant's connection therewith, prior to the confirmation of the award and the rendition of judgment thereon, although it is averred that he did not have full knowledge of all such false entries and omissions till after the judgment. Upon these facts his proper and only remedy was a motion to vacate the award, and for a rehearing ; and, if this was erroneously denied him, to procure a correction of the error on appeal. If, after judgment upon the award, new facts were discovered entitling him to relief, it was still in the power of the court to grant it, upon a proper application and showing, in the same proceeding, unaccompanied with inexcusable laches on his part. But upon no principle of equity jurisprudence can a separate action be maintained to set aside a judgment of a court of competent jurisdiction because it has been procured by means of false testimony, in a case where the court rendering it has full power to afford adequate relief upon an application in the same suit or proceeding, and we know no authority giving countenance to any such doctrine. *State* v. *Bachelder*, 5 Minn. 223.

Judgment affirmed.