CHRISTIAN WIELAND and others *vs.* DANIEL G. SHILLOCK, impleaded, etc.

December 27, 1877.

Action to Set Aside Fraudulent Judgment—Wieland v. Shillock, 23 Minn. 227, Followed—Chapter 131, Laws 1877, Construed.—Chapter 131, Laws 1877, among other things, provides "that in all cases where judgment heretofore has been, or hereafter may be, obtained in any court of record by means of the perjury, subornation of perjury, or any fraudulent act, practice or representation of the prevailing party, an action may be brought by the party aggrieved to set aside said judgment at any time within three years after the discovery by him of such perjury, subornation of perjury, or of the facts constituting such fraudulent act, practice or representation." *Held*, that the act is in terms applicable to all judgments, whenever recovered.

Laws 1877, c. 131, Unconstitutional as to Judgments Absolute at the Time of its Passage.—*Held, further*, that as applied to a judgment which at the time of the passage of the act had become absolute and not subject to be set aside, reversed or modified, the act is unconstitutional as operating to deprive the judgment creditor of his property without due process of law.

This is an appeal by defendant from an order of the district court for Hennepin county, *Vanderburgh,* J., presiding, overruling a demurrer to the complaint in this action. The

demurrer was for want of jurisdiction of the court over the subject of the action, and for failure of the complaint to state a cause of action.

*D. C. Shillock*, for appellant.

*H. N. Setzer*, for respondent, argued that this case was distinguishable from *Wieland* v. *Shillock*, 23 Minn. 227, because there the action was brought within one year from actual notice of the fraudulent judgment, while here more than a year had expired before the action was instituted; and that therefore the question of the effect of the Gen. St. c. 66, § 105, upon a fraudulent judgment, under the latter circumstances, had not been determined. He further argued that Gen. Laws 1877, c. 131, had a retroactive effect, and that such law was not therefore unconstitutional, as it only operated upon a fraudulent judgment, and consequently did not affect any right which had become lawfully vested. *Mitchell* v. *Kintzer*, 5 Pa. St. 216; *Schrader* v. *Decker*, 9 Pa. St. 14; *Jackson* v. *Summerville*, 13 Pa. St. 369; *Dobson* v. *Pierce*, 2 Kernan, 165; *Borden* v. *Fitch*, 15 John. 121, 144; *Stowell* v. *Eldred*, 26 Wis. 504; *Tate* v. *Stoolzfoos*, 16 Serg. & R., 35, 38.

BERRY, J. The complaint alleges that in 1868 the defendant Shillock commenced an action against the plaintiffs in the district court of Hennepin county, by personal service of summons; that on April 28, 1869, he recovered a money judgment therein upon the plaintiffs' default, and that the judgment was procured by fraudulent practice and false testimony of Shillock before the referee by whom the damages in the action were assessed. The complaint further alleges that the plaintiffs did not appear in said action, and that they had no notice of the proceedings therein, or of the judgment, except as they were notified by the summons, until October 28, 1874, and that they had no notice of any of the frauds or perjuries by which the judgment was obtained, until November 13, 1874. The present action was commenced in March, 1877, and the object is to compel the defendant Shillock to

satisfy the judgment mentioned, to enjoin its collection, and to avoid a sale made upon an execution issued therein.

In an action heard in this court (October term, 1876, *Wieland* v. *Shillock*, 23 Minn. 227,) between the same parties now before the court, the object of which, as set forth in the complaint, was substantially the same as that of the action at bar, it was held that upon the facts alleged the judgment might properly be said to have been taken against the defendants therein (the present plaintiffs) through their surprise or their excusable neglect, but that the case was one in which, upon the allegations of the complaint, the plaintiffs (if they were entitled to any relief) had a complete and adequate remedy at law under Gen. St. *c.* 66, § 105, by which the district court is authorized in its discretion, at any time within one year after notice thereof, to relieve a party from a judgment taken against him through his surprise or excusable neglect. We therefore held that as the plaintiffs had this adequate and complete remedy at law they had no remedy in equity.

We further held that the case fell within the principle laid down in *Johnston* v. *Paul*, (April term, 1875,) 23 Minn. 46, to the effect that a suit cannot be maintained in equity to set aside a judgment procured by means of false testimony, where the court rendering the judgment has full power to afford adequate relief upon an application in the same action in which the judgment was rendered.

In these conclusions it is now urged that this court erred because section 105 leaves it to the *discretion* of the district court to grant or not to grant relief, and, therefore, as is argued, the remedy afforded by that section is not the "certain remedy in the law" guaranteed by our bill of rights. This overlooks the fact that the discretion mentioned is not the arbitrary and uncontrolled pleasure or caprice of the judge, but a sound legal discretion; a discretion in the exercise of which it is the duty of the judge to grant the desired relief in a meritorious case; a discretion which presumably will be properly exercised, and the abuse of which can be corrected

in this court. As respects the matter of certainty, the remedy does not then essentially differ from any other legal remedy. It is as certain as any which depends upon fallible human judgment.

Irrespective of the act of 1877, hereafter referred to, the decision of this court, in the former action between these parties, is decisive against the right of the plaintiffs to maintain the action at bar.

But the plaintiffs insist that they are entitled to the remedy which they seek in this action, under Laws 1877, c. 131. This chapter, among other things, enacts "that in all cases where judgment heretofore has been or hereafter may be obtained in any court of record, by means of perjury, subornation of perjury, or any fraudulent act, practice or representation of the prevailing party, an action may be brought by the party aggrieved to set aside said judgment, at any time within three years after the discovery by him of such perjury, subornation of perjury, or of the facts constituting such fraudulent act, practice or representation."

The language of this statute is so broad and comprehensive that the legislative intent to make it applicable to all judgments, whenever recovered, can hardly be doubted. But, as applied to a judgment like that attacked in the case at bar, we are of opinion that the act is unconstitutional. At the time of the passage of the act (February 20, 1877) the defendant's judgment had, upon the facts alleged in the complaint in this action, become absolute, and not subject to be set aside, reversed or modified. He had, therefore, a fixed and vested right of property in it. If the act of 1877 is to be applied to this judgment, the effect is to change an absolute judgment to a judgment conditioned upon the result of the action which the act authorizes to be brought; and if the action thus authorized can be carried on, and the plaintiffs succeed, the further effect will be that the judgment will be extinguished. Now, this is neither more nor less than to deprive the defendant of his property in the judgment with-

out due process of law, in violation of section 7, art. 1, of our constitution. As is held in *Beaupre* v. *Hoerr*, this is done without due process of law, because it is done by a mere act of the legislature, and not by law, in its regular course of administration through the courts of justice. *Beaupre* v. *Hoerr*, 13 Minn. 367, and cases cited; *Wilson* v. *Red Wing School District*, 22 Minn. 488.

From these constructions it follows that the plaintiffs cannot maintain their action, either with or without reference to the act of 1877.

Order reversed.