WILLIAM SPOONER *vs.* HENRY SPOONER.

June 27, 1879.

Statutory Action to vacate Judgments for Fraud—Validity and Construction of Statute.—Laws 1877, *c.* 131, § 1, (Gen. St. 1878, *c.* 66, § 285,) enacts that "in all cases where judgment heretofore has been, or hereafter may be, obtained in any court of record by means of the perjury, subornation of perjury, or any fraudulent act, practice or representation of the prevailing party, an action may be brought by the party aggrieved, to set aside said judgment, at any time within three years after the discovery by him of such perjury, subornation of perjury, or of the facts

constituting such fraudulent act, practice or representation. Such action shall be commenced in the judicial district where such judgment was rendered, and in such action the court shall have and possess the same powers heretofore exercised by courts of equity in like proceedings, and may perpetually enjoin the enforcement of such judgment, or command the satisfaction thereof, and may also compel the prevailing party to make restitution of any money or other property received by virtue thereof, and may also make such other or further order or judgment as may be just or equitable." As respects judgments recovered after its passage, this act is constitutional. It does not impair vested rights, nor does it deprive a party of the certain remedy in the law guaranteed by section 8, article 1, of the constitution of this state. It affords a remedy in all cases where, after its passage, judgment has been obtained, in any court of record, by means of the perjury, subornation of perjury, or any fraudulent act, practice or representation of the party recovering the judgment, by an action to be brought as provided. The provision that the court in which the action is brought shall " possess the same powers heretofore exercised by courts of equity in like proceedings," is not a limitation or qualification of the right of the party aggrieved to bring and maintain an action to set aside the judgment, and for other relief, upon the grounds expressly mentioned in the act. This provision gives to the court in which the action is brought the same powers, in order to make such action effectual for the purposes contemplated by the statute, which a court of equity possessed in similar proceedings.

This action was brought in the district court for Hennepin county to set aside a judgment of the same court in favor of defendant, in a former suit between the same parties, because obtained by the defendant's fraud and perjury. A demurrer to the complaint was sustained by *Young*, J., and judgment thereon entered for the defendant, from which the plaintiff appealed.

*Benton & Benton*, for appellant.

*Shaw & Levi*, for respondent.

BERRY, J. "In all cases where judgment heretofore has been, or hereafter may be, obtained in any court of record, by means of the perjury, subornation of perjury, or any fraudulent act, practice or representation of the prevailing party, an action may be brought by the party aggrieved, to set aside said judgment, at any time within three years after the discovery by him of such perjury, subornation of perjury,.

or of the facts constituting such fraudulent act, practice or representation. Such action shall be commenced in the judicial district where such judgment was rendered, and in such action the court shall have and possess the same powers heretofore exercised by courts of equity in like proceedings, and may perpetually enjoin the enforcement of such judgment, or command the satisfaction thereof, and may also compel the prevailing party to make restitution of any money or other property received by virtue thereof, and may also make such other or further order or judgment as may be just or equitable." Laws 1877, *c.* 131, § 1, (Gen. St. 1878, *c.* 66, § 285.)

As respects judgments obtained before its passage, this act was held to be unconstitutional, in *Wieland* v. *Shillock*, 24 Minn. 345. As respects a judgment recovered after, in an action commenced before, its passage, the defendant claims that it is unconstitutional as impairing vested rights, and also as depriving the party recovering the judgment of that certain remedy in the laws, guaranteed by section 8, article 1, of our constitution.

Neither position can be maintained. The act in question, as respects judgments recovered after its passage, prospectively provides a course of procedure which may be followed by a person against whom a judgment is recovered through perjury or fraud, in order to obtain relief from such judgment. The act has relation solely to a matter of remedy. It deprives no person of any right secured or guaranteed by any rule of law. On the contrary, it provides a way of annulling a judgment which never ought to have been rendered. Certainly, it disturbs no vested right. As to the other objection, that the act deprives the party of the "certain remedy," in the law, guaranteed by section 8, article 1, of our constitution, it is enough to say that this provision of the constitution never could have been intended to guarantee the right to obtain a remedy by perjury or fraud. As we read

the act under consideration, it affords a remedy in all cases where, after its passage, judgment has been obtained in any court of record, by means of the perjury, subornation of perjury, or any fraudulent act, practice or representation of the party recovering the judgment, by an action to be brought as in said act provided. This remedy is given absolutely, and, for the purpose of making it effectual, it is enacted that the court in which the action is brought shall possess the same powers heretofore exercised by courts of equity in like proceedings, and may enjoin the enforcement of the judgment, direct its satisfaction, compel restitution, and make such other or further order or judgment as may be just or equitable. To give a right to the remedy provided, it is only necessary that the judgment be recovered by means of the perjury, fraud, etc., of the prevailing party, and that the aggrieved party commence his action within three years after his discovery of such perjury, fraud, etc.

The provision that the court in which the action is brought shall "possess the same powers heretofore exercised by courts of equity in like proceedings," is not a limitation or qualification of the right of the party aggrieved to bring and maintain an action to set aside the judgment, and for other relief, upon the ground expressly mentioned in the act. Without reference to the question whether or not a court of equity would or could have granted the relief sought upon each of the grounds thus mentioned, the act gives the right to maintain an action therefor; and the effect of the provision above quoted is that *in such action*, thus authorized to be maintained, the court shall possess the same powers heretofore possessed by courts of equity in like proceedings—that is to say, in proceedings in which a judgment was assailed in a court of equity, on the ground that it was obtained by fraud, or by any wrongful act or omission upon which a court of equity would afford relief. In other words, the provision mentioned gives to the court in which the action is brought, the same powers, in

order to make such action effectual for the purposes contemplated by the statute, which a court of equity possessed in similar proceedings.

The defendant's point, that the judgment in this case was entered by consent, and therefore the plaintiff cannot be heard to complain of it, is answered by the allegation of the complaint charging, in effect, that this consent was procured by the defendant's fraud.

We think that the complaint states a case within the act of 1877, and that the demurrer should, therefore, have been overruled.

Judgment reversed.