[No. 9130.  Department One.  January 3, 1911.]

SAMUEL GARRETT, *Respondent*, v. SPARKS BROTHERS, *Appellant*.[1]

PRINCIPAL AND AGENT—THIRD PERSONS—LIABILITY OF AGENT— FRAUD. An agent in the sale of land is liable in damages for fraud whereby he induced the plaintiff to pay him money on the purchase price of the land.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 18, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover money paid under a contract to purchase land. Affirmed.

*John M. Gleeson* and *Joseph F. Morton*, for appellant.

*Barker & Barker* and *C. C. Upton*, for respondent.

Gose, J.—This is a suit to recover money alleged to have been obtained from the plaintiff through the fraud of the defendant. There was a verdict and judgment for the plaintiff. The defendant has appealed.

There is abundant evidence to support the judgment. The testimony of the respondent shows that the appellant was acting as agent for the Plantations Company for the sale of certain tracts of orchard land; that the appellant represented to the respondent that the Plantations Company owned a piece of land called Plantations, divided into small tracts, free and clear of all incumbrances; that the respondent, believing and relying upon the representations, paid the appellant $1,000 on the purchase price of one of the tracts; that the representations were false, and that the Plantations Company, as the appellant well knew, did not own the land, but that it had only a contract of purchase which it later forfeited.

[1]Reported in 112 Pac. 501.

The appellant argues that the only issue is "the responsibility of an agent to answer to a third person for the default of a disclosed principal." On the contrary, the issue is the liability of the appellant to answer for its own fraud. The appellant cites, in support of its contention, *Wilson v. Wold*, 21 Wash. 398, 58 Pac. 223, 75 Am. St. 346; *Nelson v. Title Trust Co.*, 52 Wash. 258, 100 Pac. 730, and *Davis v. Lee*, 52 Wash. 330, 100 Pac. 752, 132 Am. St. 973. They have no application to the present issue. It is fundamental that a party, whether acting for himself or another, is liable in damages for his own fraud. The fact that the principal is also liable does not relieve from responsibility the party who actually commits the wrong. In such cases, the liability of the principal can only rest upon the delict of its agent. The party who has been wronged may elect to sue either or both.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.