[No. 10242.   Department One.   October 1, 1912.]

JOHN H. McELROY, *Appellant*, v. ARTHUR E. HOOPER et al., *Respondents*.[1]

ARBITRATION AND AWARD—JUDGMENT—VACATION—REVIEW. Under Rem. & Bal. Code, § 424, providing the grounds for exceptions to and award, and Id., § 430, providing that judgment on the award shall stand upon the footing of other judgments and be reviewed in the same way, a judgment on an award, unappealed from, is conclusive on a party to the arbitration, and cannot be attacked by a motion to vacate.

JUDGMENT—VACATION—ARBITRATION AND AWARD. The failure of arbitrators to determine all the questions involved, is error of law, that can be corrected only by appeal from the judgment, and not by motion to vacate the judgment.

JUDGMENT—VACATION—HUSBAND AND WIFE. The fact that the wife was not a party to a judgment against a husband on a community debt, and that the same may be enforced against community property, is not ground for vacating the judgment.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered November 16, 1911, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to vacate a judgment.   Affirmed.

*Merritt, Oswald & Merritt* and *Samuel P. Weaver*, for appellant.

*Barnes & Dillard* and *Luby & Pearson*, for respondents.

[1]Reported in 126 Pac. 925.

Gose, J.—In July, 1910, John H. McElroy and Nina McElroy, his wife, commenced an action in the superior court of Adams county against Arthur E. Hooper, his wife, and three other persons, for the purpose of recovering possession of certain community real estate and for damages. At the same time they commenced a second action in the same court, against the same defendants, to recover damages for waste committed upon the property involved in the first suit. Upon the same day they commenced an action in the superior court of Lincoln county against Arthur E. Hooper, to recover damages for an alleged conversion of personal property. On the 11th day of February, 1911, John H. McElroy and Arthur E. Hooper entered into a written agreement conformably to the statute, Rem. & Bal. Code, § 420 *et seq.*, to arbitrate the matters involved in the three suits. This agreement was not signed by either of the other parties. On the 4th day of May two of the three arbitrators made and signed an award, which recites that: "We do hereby find and adjudge that there is now due and owing from the said John H. HcElroy to said Arthur E. Hooper the sum of $2,829.25," together with costs. The award was filed in the case first mentioned. On the 24th day of May, John H. McElroy filed his exceptions to the award upon technical grounds. On the 8th day of June, he moved to resubmit the matters involved to the same arbitrators, on the ground of newly discovered evidence. On the 12th day of June the exceptions were disallowed, the motion to resubmit was overruled, and judgment was entered upon the award against both John H. McElroy and Nina McElroy, for the full amount, with interest and costs. There was no appeal from this judgment. Thereafter John H. McElroy and Nina McElroy filed their petition for a vacation of the judgment under the provisions of Rem. & Bal. Code, § 464. The petition was denied as to the former and granted as to the latter, and a judgment was entered against the former for the amount of the former judgment

with interest and costs, and in favor of the wife for her costs. John H. McElroy has appealed.

Two grounds are urged by the appellant for a reversal of the judgment, (1) that all the questions presented to the arbitrators were not adjusted; and (2) that the agreement to arbitrate was not executed by all the parties to the suits.

These questions were not raised by the appellant, in either his exceptions or his motion to resubmit the cause to the arbitrators. The code, Rem. & Bal. § 424, provides that the aggrieved party may except to the award on the grounds (1) that the arbitrators misbehaved themselves; (2) that they committed error in fact or in law; and (3) that the award was procured by corruption or other undue means. The judgment affirming the award became final as to the appellant. The code, Rem. & Bal., § 430, provides that a judgment entered upon an award stands upon the same footing as other judgments, and the law is that it is subject to attack and review in the same way. 5 Cyc. 262; *Johnston v. Paul*, 23 Minn. 46; *Gaines v. Clark*, 23 Minn. 64; *McLeod v. Graham*, 132 N. C. 473, 45 S. E. 935.

It is also well settled that errors available upon the hearing of an award must be reviewed by an appeal from a judgment entered thereon. *Clark v. Thurmond*, 46 Ga. 97; 23 Cyc. 894. We have held that error of law is not made a ground for vacating or modifying a judgment under the provisions of the code, Rem. & Bal., § 464. *Dickson v. Matheson*, 12 Wash. 196, 40 Pac. 725; *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182. "Error of law cannot be corrected upon a petition to vacate a judgment." *Sound Inv. Co. v. Fairhaven Land Co.*, 45 Wash. 262, 88 Pac. 198. The same view is announced in *Warren v. Hershberg*, 52 Wash. 38, 100 Pac. 149, and *Robertson Mtg. Co. v. Magnolia Heights Co.*, 65 Wash. 260, 117 Pac. 1121.

It is undoubtedly true, as the appellant argues, that the award ought to be a complete adjustment of the controversies submitted to the arbitrators. The arbitrators did

not determine the question as to who had the right to the possession of the property involved in one of the suits. This was an error of law and open to appellant, (1) by exception; and (2) by an appeal from an adverse judgment. He failed to pursue this remedy, and the judgment as to him is final and conclusive.

The fact that the judgment may be enforceable against the property of the community cannot change the rule. The husband has the management of the community property. As the community profits by his good judgment, so it must bear the loss of his mistakes. It cannot accept the one and repudiate the other.

Affirmed.

CROW, MORRIS, and PARKER, JJ., concur.