[No. 12250.   Department Two.   July 29, 1915.]

W. H. PETER et al., Appellants, v. LOUIS H. HENSEN et al.,
Respondents.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—LIABILITY FOR DEBTS
—NOTE OF HUSBAND.  Where a note signed by one of the trustees
of a corporation was given to defray expenses in securing a con-
tract for the corporation, which, if secured, would promote a sale
of the community property of the trustee, the note was the com-
munity debt of the trustee and his wife.

SAME—COMMUNITY DEBTS—INTEREST OF COMMUNITY—EVIDENCE—
ADMISSIBILITY.  Upon an issue as to whether a note, made by a
trustee of a corporation to defray expenses in its behalf and to pro-
mote a sale of his community property, was a community debt, the
articles of incorporation, executed by him as a trustee, are admis-
sible in evidence to show his relation to the corporation.

Appeal from a judgment of the superior court for Clallam
county, Ralston, J., entered February 3, 1914, dismissing an
action to enjoin an execution sale, after a hearing before the
court.  Affirmed.

J. W. Lindsay and James W. Redden, for appellants.

McBurney & O'Connor, for respondents.

CROW, J.—This action was commenced by W. H. Peter
and Amy V. Peter, his wife, against Louis H. Hensen, a
judgment creditor, and James R. Gallagher, sheriff of Clal-
lam county, to enjoin the levy of an execution on community
real estate belonging to plaintiffs.  On July 30, 1908,
Louis H. Hensen obtained a judgment in the superior court
of King county upon a promissory note, against W. H. Peter.
The note was also signed by one St. John Dix.  Thereafter
execution was issued upon the judgment, and delivered to
James R. Gallagher as sheriff, who was about to levy the
same on community real estate of W. H. Peter and wife in
Clallam county.  Thereupon plaintiffs commenced this action

[1]Reported in 150 Pac. 611.

to enjoin Hensen and the sheriff from making the levy, upon the theory that the judgment was against W. H. Peter alone, as surety for St. John Dix; that it was his separate debt, and that the community property was not liable for its payment. From a judgment denying the injunction and dismissing the action, the plaintiffs have appealed.

The record shows that the note was signed by St. John Dix and W. H. Peter as makers; that appellant W. H. Peter and others executed articles for the organization of a corporation known as The Pacific Coast Development Company; that W. H. Peter was one of the trustees named in the articles; that a copy of the executed articles was filed in the office of the auditor; that the organization of the corporation was not entirely completed; that it proceeded, however, to do business; that St. John Dix had charge of and managed an office in Seattle in the name of the corporation, where W. H. Peter frequently visited; that at the time the note in question was signed, St. John Dix was attempting to procure for the corporation a contract to furnish ties for a proposed railroad; that appellant W. H. Peter on various occasions had business transactions with Dix; that he had signed previous notes with him which had been paid; that, by an arrangement between Dix and W. H. Peter, it was contemplated, in the event the tie contract was secured, timber for the same was to be purchased from community real estate belonging to W. H. Peter and his wife; that, to secure the contract, it became necessary for Dix to make a trip to San Francisco; that he was without funds; that he and W. H. Peter signed the note in question and borrowed money thereon from the respondent Hensen, who gave his check for the same to the Pacific Coast Development Company, and that most of the money thus borrowed was used to defray the expenses of Dix upon the trip.

Appellants contend that the evidence does not support the judgment, in that it fails to show the same to have been a community debt. If the community composed of W. H. Peter

and wife was to be benefited by the acts of the husband in executing this note and in endeavoring thereby to promote a sale of the timber, the community is liable for the payment of the judgment entered upon the note, as it became a community debt. *McElroy v. Hooper*, 70 Wash. 347, 126 Pac. 925; *Bird v. Steele*, 74 Wash. 68, 132 Pac. 724; *Way v. Lyric Theater Co.*, 79 Wash. 275, 140 Pac. 320. There can be no question, from the facts above stated, which are shown by the evidence, but that the community would have benefited to the extent of disposing of the timber holding had St. John Dix been successful in securing the contract. The fact that he failed in securing the same does not relieve the community of the obligation which it had incurred. In *McElroy v. Hooper*, *supra*, this court said:

"The husband has the management of the community property. As the community profits by his good judgment, so it must bear the loss of his mistakes. It cannot accept the one and repudiate the other."

Appellants further contend that the trial judge erred in admitting the articles of incorporation in evidence. The articles thus admitted had been filed with the county auditor, were executed by W. H. Peter and others, and named Peter as a trustee. This being true, they were clearly admissible for the purpose of showing Peter's relation to the corporation, which was being managed by Dix and which maintained an office and prosecuted business.

The judgment is affirmed.

Morris, C. J., Fullerton, Main, and Ellis, JJ., concur.