(February 23, 1922.)

## FLORA E. BOGGS, Respondent, v. LESTER C. SEA-WELL, Appellant.

[205 Pac. 262.]

TRESPASS—ENTRY OF HOMESTEAD—SUBSEQUENT MARRIAGE—SEPARATE OR COMMUNITY PROPERTY—SUFFICIENCY OF COMPLAINT—LIBERAL CONSTRUCTION AFTER JUDGMENT.

1. When an entry of public lands is made by a single person under the public land laws, the right acquired is separate property, and subsequent marriage does not have the effect of making it community property.

2. A pleading should be more liberally construed after judgment, especially when the point is first raised in the appellate court, than on demurrer or motion before trial.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. Ed. L. Bryan, Judge.

Action for trespass. Judgment for plaintiff. *Affirmed.*

Scatterday & Stone, for Appellant.

A married woman cannot bring an action upon a cause of action belonging to the community; and when this is done the fact that the cause of action is community property is a defense. (*Holton v. Sand Point Lumber Co.,* 7 Ida. 573, 64 Pac. 889.)

All property acquired during coverture is presumed to be community property. This presumption may be overcome, but the burden of proof rests upon the party asserting the property to be separate property. (Sec. 4660, C. S.; *Jacobson v.*

Publisher's Note.

1. Land granted by the government as separate or community property, see note in 96 Am. St. 916.

Character of property as community or separate where title is initiated before, but not completed until after, death of one spouse, see notes in 17 L. R. A., N. S., 154; 46 L. R. A., N. S., 1033.

*Bunker Hill etc. Co.,* 3 Ida. 126, 28 Pac. 396; *Vermont Loan & Trust Co. v. McGregor,* 5 Ida. 510, 51 Pac. 104; *Stowell, v. Tucker,* 7 Ida. 312, 62 Pac. 1033; *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775; *Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796; *Gooding Milling etc. Co. v. Lincoln County State Bank,* 22 Ida. 468, 126 Pac. 772; *Humbird Lumber Co. v. Doran,* 24 Ida. 507, 135 Pac. 66; *Chaney v. Gauld Co.,* 28 Ida. 76, 152 Pac. 468.)

When a woman, who has settled upon a government homestead, marries, and she has at the time of marriage complied with the laws to such an extent as to be entitled to make final proof and receive patent for such homestead, the subsequent acquisition of title inures to the benefit of the community and the land will be deemed community property. (*Humbird Lumber Co. v. Doran, supra.*)

L. M. Lyon and. W. C. Bicknell, for Respondent, file no brief.

McCARTHY, J.—This is an action for trespass. In her amended complaint respondent alleges among other things that she was, at all times mentioned, the holder and in possession of certain described land; that appellant during the spring, fall and winter of 1917 and the spring, fall and winter of 1918, grazed his sheep upon said land to respondent's damage in the sum of $3,000. She also alleges that G. S. See was her agent at all times mentioned in the complaint, her husband being in the service of the United States in France, thus injecting into the pleading, in an indirect way, the fact that she was married at the time the action was brought. After a trial to the court without a jury, the court found that at all times in question respondent was and now is the holder and in possession of the property described; that at different times after May 22, 1918, appellant and his agents unlawfully permitted certain of his sheep to go upon respondent's land, and that said sheep ate up and tramped out certain grasses growing thereon to her damage in the sum of $100. Judgment was entered accordingly, from which appellant takes this appeal.

The specifications of error are, first, that plaintiff's amended complaint does not state facts sufficient to state a cause of action; second, that the evidence is insufficient to support the decision of the court for the following reasons: (a) It does not appear that the land upon which the sheep trespassed was the separate property of the respondent, but it is affirmatively shown that the said lands were at the time of the suit the community property of the respondent and her husband; (b) it appears that the only damage suffered was the necessity of buying hay for livestock purchased with money belonging to the husband of respondent, and that said husband had an interest in such stock; (c) the evidence shows respondent and her father were in partnership and her action was brought for her share of a partnership claim.

We will first consider point (a) of the second specification of error. The evidence shows that respondent, while a single woman, on April 23, 1915, entered the land in question as a homestead. On December 21, 1917, she married and her husband was living at the time of the suit. On April 29, 1918, she made final proof and obtained a receiver's certificate. Appellant contends that, on these facts, the land was community property at the time the action was brought. If it was, respondent had no right to bring the action and it must fail. (C. S., sec. 4666; *Holton v. Sand Point Lumber Co.*, 7 Ida. 573, 64 Pac. 889.) This court has held: "Where a government homestead entry has been made and the equitable title thereto has been earned prior to the marriage of the entryman, the property acquired under such entry will become the separate property of the entryman under secs. 2678 and 2679 of the Rev. Codes, although such entryman marries prior to making final proof or acquiring the legal title to the land." (*Humbird Lumber Co. v. Doran*, 24 Ida. 507, 135 Pac. 66.)

Appellant's counsel sees in this decision an intimation that, if the marriage occurred before the entryman had earned title, the property would have been community property. The decision does not so hold and we do not think it so intimates. It does not appear from the statement of facts

that the period of residence had been completed, and the entryman was entitled to make final proof, before the marriage. When the court spoke of earning equitable title, it probably meant the equitable title which is gained by entry and settlement. But, even if the court meant that the entryman had completed residence and was entitled to make final proof at the time of the marriage, the case is not decisive of the present question. The decisions of the courts in other community property states are uniform to the effect that where one enters and settles upon a homestead and marries before he is entitled to make final proof, the homestead is the separate property of the entryman. (*Peter v. Hensen,* 86 Wash. 413, 150 Pac. 611; *Teynor v. Heible,* 74 Wash. 222, 133 Pac. 1, 46 L. R. A., N. S., 1033, overruling earlier Washington cases holding to the contrary; *Harris v. Harris,* 71 Cal. 314, 12 Pac. 274; *In re Lamb's Estate,* 95. Cal. 397, 30 Pac. 568.) The authorities are collected and the matter ably discussed in an article by Prof. Alvin E. Evans, of the Law School of the University of Idaho, in the "California Law Review" for May, 1921, p. 1. We conclude that where the entry is made by a single person, it is separate property, and this is not affected by subsequent marriage.

The proper measure of damages in this case is the value of the grasses at the time of their destruction. (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.) Evidence was introduced, some of it over the objection of appellant, as to the purchase price of certain hay and pasture, which respondent bought because the pasture on her own land was consumed by appellant's sheep. The admission of this testimony was erroneous, as it did not show the value of the grass destroyed. However, appellant does not specify the admission of this evidence as error. As point (b) of the second specification, he complains that the stock, for which the hay and pasture were bought, was community property. In this he is borne out by the evidence and, if this were the only damage shown, the point would be well taken. This, however, is not the case. Respondent also introduced a great deal of evidence to show the rental value as pasture, of the grass land trespassed upon. This was a proper method of proving

the value of the grass. (*Hanson v. Seawell, ante,* p. 92,
204 Pac. 660.) The land being the separate property of respondent, she was entitled to recover for injury to it.
(C. S., sec. 4657.) There is evidence as to the value of the
grass sufficient to sustain the finding of the court that respondent was damaged in the sum of $100.

Point (c) is that respondent and her father were in partnership. There is no evidence to sustain this contention.
The evidence shows that her father was farming the place
on shares, he to receive two-thirds and she one-third of the
proceeds. The evidence is sufficient to support the finding
of the court that respondent's interest in the grass destroyed
amounted to $100.

We will next consider specification No. 1, that plaintiff's
amended complaint does not state a cause of action. Appellant's point is that respondent does not allege directly that
the land is her separate property. She does allege that she
is the holder of it. Appellant did not demur to the amended
complaint. He contends, however, upon the authority of
*Holton v. Sand Point Lumber Co., supra,* that the complaint
fails to state a cause of action because, while alleging that
respondent is a married woman, it fails to directly allege
that the property was acquired before marriage, and was
thus her separate property. It is true that, in the absence
of evidence to the contrary, a presumption arises that property acquired after marriage is community property. It
does not appear from the complaint, however, that the property was acquired after marriage. A complaint should be
more liberally construed after judgment, especially when the
point is first raised in the appellate court, than on demurrer
or motion before trial. (31 Cyc., p. 82, (3).) The point
not having been raised by demurrer, we conclude that the
failure of respondent to plead that the property was acquired by her before marriage is not such a fatal defect as
would justify us in holding, after judgment, that the complaint fails to state a cause of action.

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Dunn and Lee, JJ., concur.