[No. 20143. Department One. December 30, 1926.]

ANNIE LAURIE WIMMER, *Respondent*, v. FRANK L.
PARSONS *et al.,* *Appellants.*[1]

[1] APPEAL (414)—REVIEW—QUESTIONS OF FACT—VERDICTS—CON-
CLUSIVENESS. In an action for fraud, the findings of the jury
are conclusive where there was ample evidence constituting
clear and conclusive proof of the fraud of the defendant's agent,
in case the witnesses for the plaintiff were to be believed by
the jury.

[2] PRINCIPAL AND AGENT (56-1)—LIABILITIES TO THIRD PERSONS—
UNAUTHORIZED AND WRONGFUL ACTS—FRAUD OF AGENT. Where
a sale was effected through the fraudulent representations of
an agent, both the principal and the agent are bound by the
representations and liable for damages therefrom.

[3] FRAUD (5, 7)—FRAUDULENT REPRESENTATIONS—RELIANCE ON—
DUTY TO INVESTIGATE. The purchaser of property is entitled to
rely upon representations as to conditions and facts respecting
which she did not have the opportunity to fully inform herself.

[4] HUSBAND AND WIFE (61)—COMMUNITY PROPERTY—RIGHTS OF
HUSBAND—MANAGEMENT. Community property of husband and
wife is liable for fraudulent representations made by the hus-
band as agent for the community and presumably for its
benefit.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered March 31, 1926, upon
the verdict of a jury in favor of the plaintiff in an
action for fraud. Affirmed.

*Chas. W. Johnson,* for appellants.
*Griffin & Griffin,* for respondent.

HOLCOMB, J.—Alleging false representations and
circumstances precluding a rescission of the contract
between the parties, respondent sued to recover three
thousand one hundred dollars damages, on which
the jury allowed one thousand eight hundred, and

[1]Reported in 251 Pac. 868.

judgment was entered thereon after motions for a directed verdict at the trial, and judgment n. o. v., or in the alternative for a new trial, had been denied.

The complaint, in brief, alleges that appellants Parsons were the owners, and appellant Nicholson their agent, for the purpose of selling certain lots in Seattle, upon which it was represented that there was a dwelling house, followed by precise allegations as to certain representations respecting the structure, materials, quality and value of the house, and its heating plant; that all of the rooms in the house were connected with, and heated by, an adequate furnace; that the house and grounds were free from all liens, taxes and assessments; that the house was worth six thousand five hundred dollars to seven thousand dollars, and that respondent could rent rooms in the house so as to net the sum of one hundred dollars per month to her. It was then alleged that all of these statements were untrue and false, and known at the time they were made to be false. Averments were then made specifying a number of things, wherein the structure, material and fixtures were defective, concealed and undiscoverable upon such examination as was allowed her by the agent. A number of serious defects in the structure, materials, fixtures and condition of the house were discovered upon occupancy, which were not, and could not have been, discovered before. It is also alleged that the lots were not free and clear from assessments and taxes, and that there were due at the time assessments under ordinances of Seattle aggregating $368.90. It is then alleged that the house was not worth the full sum of six thousand five hundred dollars, or any sum exceeding the mortgage encumbrance then existing upon the same, approximating three thousand four hundred dollars.

Other allegations were made tending to show that appellant had been overreached and deceived, by assurances that the company and agent selling the premises would not cheat her, but would treat her honestly; that she was hurried through the house by the agent, not permitted to examine the defects afterwards discovered, and that she was a working woman and had no experience in the building and owning of houses, or the means of heating them.

Appellants, the Parsons, answered separately, admitting that respondent had accepted the property and paid for it the sum of six thousand five hundred dollars, less the amount of the mortgage, and denied that the premises were worth less than six thousand five hundred dollars at the time they were purchased by respondent. They also affirmatively alleged that the house was a nine-room house, erected to comply in all respects with the building ordinances and regulations of Seattle, was in all respects new, complete, finished and modern, and of the value of six thousand five hundred dollars, or more. They alleged that appellant Nicholson approached them as the agent of respondent, and subsequently completed the negotiations as such; that they had no communications or negotiations with respondent concerning the sale, and made no representations of any character to her; that appellant Nicholson was not the agent of appellants, the Parsons, in the sale of the property, and no representations concerning the same were made by them to him, and they believed at all times that he, as agent of the Fireside Realty Company, was the agent of, and acting under the directions of, and on behalf of respondent.

Appellant Nicholson answered separately, through the same attorney, that he was not the agent of appellants, the Parsons, and alleged that the Fireside

Realty Company, a corporation, was the agent of respondent in the transaction, and that, throughout the negotiations culminating in the purchase of the premises by respondent, it was such agent. He further alleged that, at the desire and request of respondent to purchase some property which would produce an income to her, he made an endeavor to find such property, and finding the property in question inspected the same. Believing from such inspection that it was such as respondent desired to purchase, he took her to the premises, which she inspected, and instructed him as agent to negotiate with the Parsons, for her, which was done and the purchase effected. He further alleged that the premises were, and are, worth more than the full sum of the purchase price, and denied that he made any false representations whatever to respondent concerning the premises, and that each and every statement and representation made by him to her relating to the property was true. He denied that he took respondent hurriedly through the premises when inspecting the same, and alleged that a careful, leisurely and thorough examination was made. He also alleged that the house was represented by appellants, the Parsons, to him to be in all respects a new, first-class, modern, complete and completely finished house; that there was therein a furnace capable at all times of heating all the rooms in the house in a thorough and complete manner; that these representations were made and repeated by him to respondent, and he alleged the fact to be that all such representations were true. He also alleged that he did repeat, and believe as true, that the premises were well worth the sum of six thousand five hundred dollars, and that they would net to respondent approximately one hundred dollars per month in rentals. He denied that he represented that there were no assess-

ments on the property, and alleged that he informed respondent of the assessments.

The allegations of the answers, which were inconsistent with the allegations of the complaint, were put in issue by replies of respondent.

The six errors claimed by appellants are based principally upon the evidence in the case.

There being dispute between the parties as to the sufficiency of the abstracts, the statement of facts itself has been referred to in considering the case.

[1] An examination of the record in the case discloses ample evidence of a very explicit nature on behalf of respondent, which would constitute very "clear and convincing proof of fraud," if believed by the jury. It is true that there was evidence to the contrary, but the jury had the right to disbelieve that evidence. There was no justification, therefore, for the court to have granted judgment n. o. v., or a directed verdict in favor of appellants, or any of them; nor error in denying a new trial after the former motions had been denied, where the court heard the evidence of both sides and exercised its discretion on the motion for a new trial.

Appellants contend that appellant Nicholson had no authority from appellants, the Parsons, to do other than find a buyer, show the property, and submit the proposition to the owners, in which case this case would be governed by *Samson v. Beale,* 27 Wash. 557, 68 Pac. 180; and *Johnson v. Williams,* 133 Wash. 613, 234 Pac. 449. In those cases, the alleged agent had no authority further than to find a buyer and submit a proposition. He had no authority to make a contract of sale with purchasers.

In this case, the jury disbelieved the evidence of Nicholson that he was the agent of respondent, and the evidence of appellant Parsons, the husband, that

Nicholson was not his agent, and did believe the evidence of respondent that Nicholson was not her agent, but handled all the transactions and made all the representations as the agent of the Parsons. In addition to that, appellant Parsons, the husband, admitted that he had paid a commission on the sale to appellant Nicholson. The entire transactions were conducted by Nicholson with respondent, and the Parsons never saw respondent until after the transaction had been closed, and the deed executed and delivered. These facts having been found against all of the appellants, we are foreclosed by the verdict of the jury, and must accept them as conclusive, especially that Nicholson was the agent of appellants, the Parsons; that the representations he made to respondents were representations given him by appellants, the Parsons, and, if he did not know the truth or falsity thereof, he should have so known.

[2] In such a case, both the principals and the agent are bound by the representations. *Smith v. Gray,* 52 Wash. 255, 100 Pac. 339; *O'Daniel v. Streeby,* 77 Wash. 414, 137 Pac. 1025; *Yarnall v. Knickerbocker Co.,* 120 Wash. 205, 206 Pac. 936; *Bowe v. Provident Loan Corporation,* 120 Wash. 574, 208 Pac. 22; *Rieger v. H. I. S. Motor Corp.,* 126 Wash. 412, 218 Pac. 216.

It is also fundamental that a party, whether acting for himself or another, is liable in damages for his own fraud. *Garrett v. Sparks Bros.,* 61 Wash. 397, 112 Pac. 501.

[3] On the question, extensively argued by appellants, that respondent had no right to rely upon the representations alleged and proven by evidence on her behalf, we think it is well settled that she had. *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054; *Gray v. Reeves,* 69 Wash. 374, 125 Pac. 162; *Eyers v.*

*Burbank Co.,* 97 Wash. 220, 166 Pac. 656; *Jones v. Elliott,* 111 Wash. 138, 189 Pac. 1007; *Westcott v. Wood,* 122 Wash. 596, 212 Pac. 144.

[4] As to the liability of appellant the wife, Mrs. Parsons, if the representations were authorized as found, her husband was the agent of the community, which was the owner, and acted presumably for its benefit. *Nelson v. Title Trust Co.,* 52 Wash. 258, 100 Pac. 730; *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634.

But the wording of the judgment in this case must not be construed as a judgment against the wife and her property separately. *Henrickson v. Smith,* 111 Wash. 82, 189 Pac. 550.

All other questions raised by the assignments of error of appellants are foreclosed by the verdict of the jury on the facts.

We can discover no reversible error, and the judgment is affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.