[No. 21697.   Department Two.   March 14, 1929.]

ANNIE LAURIE WIMMER, *Respondent*, v. J. E. NICHOLSON *et al.*, *Appellants.*[1]

*Chas. W. Johnson,* for appellants.

*Spencer Gray,* for respondent.

FRENCH, J.—Early in 1926, the respondent recovered judgment against the appellant J. E. Nicholson, in the superior court of King county. An appeal was taken, and the judgment affirmed. A more comprehensive statement of the issues involved, will be found in the case of *Wimmer v. Parsons,* 141 Wash. 422, 251 Pac. 868. Thereafter, in July, 1928, an execution was issued on the judgment, and a levy made on certain shares of the corporate stock in the Fireside Realty Company, these shares of stock being the community property of appellants.

The question involved in this case is, Was the judgment a community liability of the appellants, or was it the separate obligation of J. E. Nicholson?

J. E. Nicholson and Emma L. Nicholson have been husband and wife for more than twenty-five years.

[1] Reported in 275 Pac. 699.

The record shows that the Nicholsons are the owners of 833 shares of the corporate stock of the Fireside Realty Company, and that J. E. Nicholson is, and at all times was, president and manager of the company, that the real estate business thus conducted was the sole and only business of the appellant J. E. Nicholson, and that such business was conducted for and on behalf of the community. A reference to the case of *Wimmer v. Parsons, supra,* shows that the appellant J. E. Nicholson defended that action on the ground that he was acting only as agent for the Fireside Realty Company. But in that case, the court found that J. E. Nicholson had himself made the fraudulent representations, and was bound thereby. In addition thereto, the court found that, in that case, the commission had been paid to J. E. Nicholson; that the entire transaction was conducted by Nicholson. True, in the instant case, Nicholson and certain other persons connected with the Fireside Realty Company testified that, in the transaction in which the judgment was rendered against Nicholson, the commission of $230 was paid to the Fireside Realty Company, but appellant, J. E. Nicholson was the owner of one-third of the capital stock of the Fireside Realty Company, was being paid a salary by the Fireside Realty Company, his salary depending to a considerable extent on the amount of money earned and taken in by the company, and in fact, as we gather from the record, the only source of income the community had was from money taken in by J. E. Nicholson, personally, or through the Fireside Realty Company. We think the case comes squarely within the rule announced in the case of *In re Pulver,* 146 Wash. 597, 264 Pac. 406.

See, also, *Peter v. Hansen,* 86 Wash. 413, 150 Pac. 611; *Union Securities Co. v. Smith,* 93 Wash. 115, 160

Pac. 304, Ann. Cas. 1918E 710; *McElroy v. Hooper,* 70 Wash. 347, 126 Pac. 925.

All the benefits received by J. E. Nicholson from the transaction out of which this judgment arose, were community benefits. The money received by him was community money, the money received by the corporation increased the value of the stock owned by the community, and the obligation which arose was clearly a community obligation.

Judgment affirmed.

MILLARD, MAIN, and PARKER, JJ., concur.