**GREEN v. GREEN et al.**

Nos. A-8593, A-7022.

District Court, Alaska
Third Division, Anchorage.

Sept. 2, 1953.

Wendell P. Kay (of Kay, Robison & Moody), Anchorage, Alaska, for plaintiff.

Evander C. Smith, Anchorage, Alaska, for defendant Cleone H. Green.

FOLTA, District Judge.

In July 1945, John Dale Green and Cleone intermarried. In August 1951, they were divorced; the defendant John Dale Green not appearing. The Court found, in conformity with the allegation of Cleone's complaint, that there were no property rights to be adjudicated. No alimony was awarded. In April 1952, John Dale Green and Geneva intermarried. On May 5, 1952, Cleone caused to be recorded an affidavit claiming, as a "homestead wife" a one-half interest in 80 acres previously entered as a homestead under the laws of the United States by John Dale Green. It does not appear whether the entry was made before or after his marriage to Cleone. On May 8, 1952, Green obtained a final certificate from the Bureau of Land Management, upon which, on October 1, 1952, a patent was issued to him. On December 23, 1952, he deeded to Geneva that half of the homestead upon which the improvements had been made. On March 3, 1953, he gave Cleone a deed to the entire homestead. On April 3, 1953, Cleone, asserting a right in the homestead, moved to reopen the divorce case. On April 15, 1953, Geneva commenced an action for divorce and to quiet her title to the 40 acres conveyed to her. The defendant John Dale Green has defaulted.

For the purpose of trial, the suit for divorce and to quiet title and the proceeding to reopen the divorce suit between Green and Cleone were consolidated.

The plaintiff Geneva contends that the motion of Cleone to reopen the divorce action is in effect a motion to modify the decree with respect to the division of property and, hence, wholly unauthorized under Section 56-5-14, A.C.L.A.1949, whereas the defendant Cleone contends that the term "maintenance" as used in that section should be construed to authorize the award or division of property for her maintenance. Section 56-5-14 provides:

"At any time after a judgment is given the court or judge thereof, upon the motion of either party, on notice shall have power to set aside, alter, or modify so much of the judgment as

698

may provide for alimony or for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the action."

■ The obvious answer to defendant Cleone's contention is that since the judgment made no provision for maintenance, there is nothing to modify.

■ Treating the action as one asserting an interest in the 40 acres conveyed to Geneva, the question presented is whether the defendant is estopped by the judgment in the divorce suit. It would appear that a decree of divorce is an adjudication between the parties of all property rights or questions growing out of or connected with the marriage unless expressly reserved. Spreckels v. Wakefield, 9 Cir., 286 F. 465, 469; Terrill v. Laney, 200 Okl. 308, 193 P.2d 296; Calkins v. Calkins, 155 Kan. 43, 122 P.2d 750. Not only was there no reservation of this kind, but it clearly appears that there were no property rights in existence. There was no proof that the homestead entry was made during coverture and the marriage between Green and Cleone was dissolved nine months before the issuance to him of a final certificate. It was not until then that Green acquired an equitable title. Under the homestead laws of the United States, Cleone had no title or right to the homestead at the time of her divorce. Boggs v. Seawell, 35 Idaho 132, 205 P. 262; McDonald v. Lambert, 43 N.Mex. 27, 85 P.2d 78. However, had the contrary been true, it is unlikely that the Court would have awarded her more than one-half of the homestead. This she now has by virtue of the conveyance of March 3, 1953. Her complaint then is that the 40 acres conveyed to Geneva contains the improvements, or most of them and she wants that part of the homestead. Relief of this kind cannot be granted in a quiet title action. So far as any homestead right arising from the use of the premises as the family home is concerned, it would also appear that the defendant Cleone is entitled to no relief. Keezer, Marriage & Divorce, Section 542; Rosholt v. Mehus, 3 N.D. 513, 57 N.W. 783, 23 L.R.A. 239.

I am of the opinion that the plaintiff Geneva's title to the 40 acres conveyed to her should be quieted. I also find that the evidence sustains the allegation of incompatibility and, hence, conclude that she is entitled to a divorce.