[No. 16818.   Department Two.   March 13, 1922.]

SADIE M. WILSON, *Respondent*, v. I. A. FAY *et al.,*
*Appellants.*[1]

VENDOR AND PURCHASER (64)—RESCISSION BY PURCHASER—ESTOP-
PEL.  A contract for the purchase of a rooming house will not be
rescinded because of the vendor's failure to deliver a copy of the
contract, where the purchaser remained in possession and made
payments called for by the contract at a bank where the copy was
kept.

SAME (63, 65)—RESCISSION BY PURCHASER—DEFECT IN TITLE—
CONDITIONS PRECEDENT.  A contract for the purchase of a rooming
house will not be rescinded without tender of performance by the
purchaser, because of an alleged incumbrance or lien, contrary to
the representations of the vendor, where the purchaser had not
been disturbed in her possession.

Cross-appeals from a judgment of the superior court
for King county, Frater, J., entered May 24, 1921, upon
findings in favor of the plaintiff, in an action for rescis-
sion, tried to the court.  Reversed on defendants' ap-
peal.

*Robert M. Jones,* for appellants.

*Gill, Hoyt & Frye* and *R. L. Blewett,* for respond-
ent.

HOVEY, J.—As both parties to this action are appeal-
ing, we will continue to refer to them as plaintiff and
defendant.  The plaintiff brought an action for the
rescission of a contract which she and her son had
made with the defendant for the purchase of some resi-
dence property in Seattle.  The contract was made
November 25, 1918, and the purchase price was $2,500.
The contract provided for an initial payment of $200
and monthly payments of $25 each, with interest at
seven per cent, payable monthly.  There has been paid

[1]Reported in 204 Pac. 800.

upon the contract a total of $930. The trial court entered judgment rescinding the contract, but requiring the plaintiff to credit upon the amount to be recovered from the defendant an allowance for rental for the use of the property, and the judgment is for the sum of $451.69. The contract was in duplicate, one copy being retained by the defendant and the other copy placed with a bank where plaintiff made her payments.

The grounds of rescission were that defendant had agreed to give the plaintiff a copy of the contract, which he refused and failed to do, and that defendant had represented the property as being clear of incumbrances, when in fact there was a mortgage for $1,500 upon this and other property. Plaintiff offered testimony to support these allegations, and the defendant admitted that there was a mortgage upon the property which he had paid off and which was released of record before the suit was brought, and denied the other representations alleged.

As to the first ground of complaint, even though we accept plaintiff's version of the transaction, she continued in possession of the property and to make the payments called for by the contract at the bank where the other copy was kept, for almost two years after the contract was made.

As to the second ground of complaint, plaintiff never tendered performance of the contract, and, until she did, she was in no position to complain of a lien upon the property which did not disturb her possession.

The plaintiff is over eighty years of age and her position appeals to the sympathy of the court, as it probably did to the trial court, but it is our duty to follow the law, and were we to attempt to render judgment to fit the situation we would defeat the very

object sought, by making these contracts of such doubtful security that people in moderate circumstances would be deprived of any opportunity to acquire property on the limited payment plan upon anything except onerous terms which would justify the risk that the seller would be taking.

As this is a suit in equity and the defendant has asked for a judgment for possession of the property, it will be the judgment of this court that plaintiff shall have ninety days after the going down of the remittitur within which to reinstate her contract, and failing this, that the defendant be restored to possession of the property and the contract be cancelled.

Affirmed on plaintiff's appeal. Reversed on defendant's appeal.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.