[No. 21310. Department Two. March 18, 1929.]

JOSEPH LEMARB, *Appellant*, v. M. D. POWER *et al.*, *Respondents*.[1]

*Wright, Froude, Allen & Hilen*, for appellant.
*Ballard & Houghton*, for respondent Power *et al.*
*James H. Buchanan* and *Burkheimer & Burkheimer*, for respondent Landon *et al.*

PARKER, J.—The plaintiff, Lemarb, seeks recovery of damages alleged as the result of false representations made by the defendants Landon and wife and one Bahnsen, their employed salesman, as agents of the defendant Mrs. Power, inducing Lemarb to purchase from Mrs. Power certain real property at a price alleged to be largely in excess of its real value. The cause proceeded to trial in the superior court for King county, sitting without a jury, resulting in findings and judgment awarding to Lemarb recovery in the sum of sixty-one dollars. Lemarb, conceiving himself aggrieved because of the inadequacy of this award of damages, has appealed to this court.

[1]Reported in 275 Pac. 561.

The property here in question lies near the northerly limits of the city of Seattle. It fronts north eighty-five feet on North Ninetieth street and east 102 feet on Woodland Park avenue, which is the principal highway leading out of the city to the north. There is, upon the northerly portion of the property, a seven-room dwelling house fronting east, sitting back some distance from the avenue. There is, on the southerly portion of the property, a small store building fronting east on the avenue. The property is regarded as business property, because of the increasing of business along the avenue in that immediate neighborhood. The property was owned by Mrs. Power. She, desiring to sell it, to that end authorized Mr. and Mrs. Landon, who were engaged in selling real property for others, to find her a purchaser, she fixing a tentative sale price of $15,000. This authorization was only orally made, and did not give to the Landons any authority to make a binding contract of sale with any prospective purchaser. Bahnsen was a real estate salesman in the employ of the Landons. Lemarb was shown the property by Bahnsen, and, in doing so, he made statements and representations relative to it, looking to the inducing of Lemarb to purchase it; which statements, Lemarb claims, were false and induced him to purchase the property at the price of $15,000, which he claims was far in excess of its value, and that he was thereby damaged.

The principal alleged false representation, so made by Bahnsen to Lemarb, was that the Standard Oil Company was offering seventy-five dollars a month for a ten-year lease of a portion of the property on the corner of the avenue and Ninetieth street for a gasoline service station. The trial judge disallowed Lemarb's claim for damages rested upon this principal false representation. Another alleged false rep-

resentation was that the store building was wholly on the property, when in fact it extended slightly into the avenue. This was remedied by Lemarb at an expense of sixty-one dollars. It was for this item alone that the trial court awarded recovery. Another alleged false representation was that the retaining wall, on what was supposed to be the property line in front of the dwelling house along the avenue, was on that line, when in fact it was slightly outside the property line upon the avenue. The trial court disallowed Lemarb's claim for damages rested upon this alleged false representation. The denial of this claim of damage was, by the court, rested upon its conclusion that, whatever the representation was in that respect, Lemarb was not in fact damaged thereby.

When Lemarb was shown the property by Bahnsen, they talked of price and terms; Lemarb then stating in substance that he would be willing to purchase the property at a $15,000 valuation, if the owner would take, as $1500 part payment thereof, his automobile, he to make the balance of the payments upon terms to be agreed upon. They then went to the office of the Landons, the agents of the owner, Mrs. Power, where further conversation was had with Mrs. Landon, who was acting for the Landons, and where it became understood that she would submit Lemarb's proposition to the owner, Mrs. Power. This was accordingly done, resulting in a formal sale contract in writing being later signed by Lemarb and Mrs. Power, she agreeing to convey the property to him for a total purchase price of $15,000, $1500 being paid by Lemarb conveying his automobile to her, $1500 being paid in cash, and the balance to be partly paid in monthly installments, and partly by Lemarb assuming a mortgage then upon the property. Mrs. Power, the owner, never, at any time, made any statement to Lemarb concerning any

prospective lease to the Standard Oil Company, nor did she authorize or know of any such statement being made to Lemarb by anyone. Mrs. Landon made no statements to Lemarb concerning any prospective lease to the Standard Oil Company, nor did she authorize or know of any such statements being made to Lemarb by anyone. The same can be truthfully said of Mr. Landon, who had nothing to do with the negotiations looking to the sale of the property to Lemarb. Neither the Landons nor Bahnsen, their employed salesman, had any authority to enter into any binding contract for the sale of the property, even at a cash price of $15,000, or upon any other terms.

Thus we have here, as our principal inquiry, the problem of whether the Landons had any implied authority from Mrs. Power to make any representation to a prospective purchaser, such as is claimed by Lemarb was made to him by Bahnsen, relative to an offer of leasing by the Standard Oil Company; and also, in turn, the problem of whether Bahnsen had any implied authority from the Landons to make any representation to a prospective purchaser, as it is claimed by Lemarb was made to him by Bahnsen, relative to an offer of leasing by the Standard Oil Company. It seems plain to us that there was a want of any such authority in the Landons from Mrs. Power, and that she must be held free from liability for damages which may have resulted to Lemarb from the making of such representation by Bahnsen as agent of the Landons. It seems equally plain to us that there was a want of any such authority in Bahnsen from the Landons, and that they must be held free from liability for damages which may have resulted to Lemarb from the making of any such representation by Bahnsen. Our decisions in *Johnson v. Williams,* 133 Wash. 613, 234 Pac. 449, and *Gudmundson v. Commercial Bank & Trust Co.,*

138 Wash. 355, 244 Pac. 676, seem to us decisive against Lemarb's right to recover damages against either Mrs. Power or the Landons; this upon the theory that neither Mrs. Power nor the Landons, either directly or impliedly, empowered Bahnsen to make any representation relative to a prospective Standard Oil Company lease, as claimed by Lemarb. This branch of the case does not present the question of an owner's liability for damages flowing from his agent making false representations misleading a purchaser as to the identity of the property he believes he is purchasing, as was drawn in question in *Nelson v. Title Trust Co.*, 52 Wash. 258, 100 Pac. 730; *O'Daniel v. Streeby,* 77 Wash. 414, 137 Pac. 1025, L. R. A. 1915F 634, and *Yarnall v. Knickerbocker Co.,* 120 Wash. 205, 206 Pac. 936. The doctrine of those cases furnishes legal support for the trial court's award of sixty-one dollars damages resulting to Lemarb by his being led to believe from statements made by Bahnsen that the property line was coincident with the front line of the store building. Authority to exhibit property to a prospective purchaser, is implied authority to identify the property with reasonable certainty; but not implied authority to make misrepresentations as to a prospective lease of the property.

We have not overlooked our decision in *Stanton v. St. Michell,* 130 Wash. 449, 227 Pac. 737, strongly relied upon by counsel for Lemarb, wherein an agent's misrepresentation to a purchaser as to a tax encumbrance, was held to render the vendor owner liable in damages. The want of authority in the agent making such representation was not presented or considered in that decision, as was pointed out in our decision in *Johnson v. Williams,* 133 Wash. 613, 234 Pac. 449. Nor have we overlooked our decision in *Kelly v. Merritt,* 111 Wash. 426, 191 Pac. 404, strongly relied upon by

counsel for Lemarb. That was not a case of an owner becoming liable by reason of misrepresentations of his agent, but was a case of the agents who made or acquiesced in the making of the misrepresentations being themselves liable for damages resulting therefrom. Bahnsen, the agent who made the misrepresentations here in question, is not sued in this action.

As to the trial court's denial of recovery because of the retaining wall in front of the dwelling being in the avenue some two feet outside the property line, because of which Lemarb claimed $140 damages, an examination of the evidence convinces us that the trial court correctly ruled that, regardless of what the representation might have been leading Lemarb to believe that the retaining wall was upon the property line, no actual damage resulted to him from such representation.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and MILLARD, JJ., concur.