[No. 22023. Department One. November 12, 1929.]

AUGUST LUNDGREN et al., Respondents, v. GEORGE A. SPENCER et al., Appellants, N. B. CLARKE et al., Defendants.[1]

[1]Reported in 282 Pac. 58.

*E. P. Whiting,* for appellants.
*K. Kay,* for respondent.

BEALS, J.—Defendants Spencer, being the owners of a subdivision of land in the city of Seattle known as Jefferson Park, employed defendant Clarke, a licensed real estate broker, for the purpose of finding purchasers for the lots which made up the addition, Mr. Clarke's actual authority being limited to obtaining purchasers for the lots which defendants Spencer were proposing to sell. Defendant A. P. Casey was a real estate salesman employed by defendant Clarke. Plaintiffs having agreed, through defendants Clarke and Casey, aided by other members of the selling force, to purchase three of the lots in Jefferson Park at the price of $2,625 and paid on account of the purchase price the sum of $656.25, the balance of the purchase price being payable in monthly installments, received from defendants Clarke and Casey an earnest money receipt and later a formal contract of sale executed by defendants Spencer.

The earnest money receipt, which was introduced in evidence by plaintiffs, bears date December 20, 1927, and contains the following paragraph:

"This sale is made subject to approval by a duly authorized agent of the company, and to the covenants and restrictions contained in contracts, issued by Geo. A. Spencer Co., on the above indicated property, the purchaser herein being fully conversant with such covenants and restrictions. It is understood that no guarantee of resale for the purchaser of the above described property is made by this company, and that

no agreement is made between the parties hereto other than that appearing herein.''

The formal contract between the Spencers and plaintiffs was acknowledged by the sellers, December 22, 1927, and calls for payments at the rate of $39.50 per month, including interest. Plaintiffs made one payment on their contract and, shortly thereafter, commenced this action, praying for a rescission of the contract and for judgment against defendants for the amount which they had paid thereon. From a judgment in favor of plaintiffs, defendants Spencer appeal.

By the decree entered herein, respondents were awarded judgment against the defendants A. P. Casey and Mary F. Casey, his wife, and N. B. Clarke, as well as against appellants Spencer, for the sum of $676.25, with interest, from which judgment defendants Clarke and Mr. and Mrs. Casey have not appealed.

Respondents base their alleged right to rescind the contract and recover the money which they have paid thereon upon certain representations which they alleged in their complaint were made to them by defendants Clarke and Casey, to the effect that, if respondents would purchase the lots on the terms to which they agreed, Messrs. Clarke and Casey would resell the lots within ninety days on such a basis as to return respondents a handsome profit. Respondents further alleged that Messrs. Casey and Clarke informed them that all assessments for street improvements against the lots which respondents agreed to purchase were paid, and that it would not be necessary for respondents to make any payments on account of the purchase price of the lots, other than the down payment. Respondents also alleged that they were ignorant of real estate values; that they relied upon the representations made to them; that the representations were false and were

made for the purpose of defrauding respondents; that the lots which they purchased were worth less than respondents agreed to pay therefor, and that defendants Clarke and Casey failed and refused to resell the property, all to respondents' damage in the amount which they had paid on account of the purchase price of the lots with interest. The evidence introduced on behalf of respondents was in accord with the allegations of their complaint.

The trial court, believing that Messrs. Clarke and Casey had promised respondents to resell the property, that such promises constituted a fraud upon respondents, and that appellants were chargeable therewith because of their ownership of the property and because defendant Clarke was their agent, entered a decree in accordance with the prayer of respondents' complaint.

It nowhere appears from the record before us that appellants authorized, ratified or knew of any promises made by defendants Clarke or Casey to the effect that they would undertake to resell the lots which respondents contemplated purchasing at a profit to respondents. Appellants alleged in their amended answer, and contended on the trial, that defendant Clarke was their agent only for the purpose of finding purchasers for their lots, and that he had no authority whatsoever to make, or have any other person make, any representations such as respondents contended were made by him and defendant Casey. It does not appear that appellants had any knowledge, until about the time of the institution of this action, that respondents contended that any such representations had been made to them prior to their purchase of the lots.

Appellants argue that fraud, to constitute a ground for rescission of a written contract for the purchase of real estate, must be based upon a false representation as to existing facts, and cannot be predicated upon a

promise to be performed in the future. Without considering the applicability of the authorities cited by appellants upon this proposition, we proceed to the consideration of another point urged by appellants which we deem decisive.

As a general proposition, in the absence of facts creating an estoppel, a principal is not liable because of promises to resell made by his agent, who has authority only to find purchasers. This proposition finds support in the following decisions of this court in which analogous questions were determined. *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180; *Johnson v. Williams*, 133 Wash. 613, 234 Pac. 449; *Gudmundson v. Commercial Bank & T. Co.*, 138 Wash. 355, 244 Pac. 676; *O'Neil v. Washelli Cemetery Association*, 138 Wash. 566, 244 Pac. 990; *Lemarb v. Power*, 151 Wash. 273, 275 Pac. 561.

The trial court was of the opinion that, while appellant George A. Spencer was not himself guilty of any unfair dealing toward respondents, appellants were liable to respondents because defendants Clarke and Casey were their agents. An examination of the statement of facts convinces us that there is no testimony in the record which supports a judgment against appellants on the ground that appellants made, authorized or ratified any representations to respondents such as those of which respondents complain.

Granting that respondents are aged, inexperienced in business and credulous to a degree, that they were the victims of "high-pressure salesmanship" methods, and that their credulity and inexperience were imposed upon by defendants Clarke and persons in his employ, we are unable to hold that appellants Spencer are in law liable to respondents.

Respondents contend that the decree entered by the trial court was correct, because, in addition to the

promises to resell the lots, defendants Clarke and his employees represented to respondents that there were no incumbrances against the property, whereas in fact the same was subject to a blanket mortgage covering the subdivision, and was also subject to over $200 by way of special assessments. It appears from the evidence that the blanket mortgage on the subdivision contained a provision for the release of the three lots concerned in this action on payment of the sum of $500. This testimony was not disputed, and it therefore appears that, as respondents owed a balance of approximately $2,000 on account of the purchase price of the lots, and as they did not, of course, tender the balance due and demand conveyance of a clear title to them, they were in no position to complain of the lien upon the property which was subject to release on payment of $500, which nowise disturbed them. *Wilson v. Fay*, 119 Wash. 88, 204 Pac. 800.

In regard to the assessments, it clearly appears that they were referred to in the contract which respondent August Lundgren signed, and that, while there may be some matters in connection therewith requiring adjustment at some future time, the record in regard to such assessments affords no basis for a rescission of the contract and judgment against appellants.

Respondents cite many decisions of this and other courts which they contend support the decree against appellants entered by the trial court. An examination of these authorities indicates that most of them support the well established proposition that false and fraudulent representations as to actual existing conditions are actionable and ground for rescission. We find little or no authority which will support a judgment in respondents' favor against appellants. The trial court, in its oral decision, referred to the cases of *West v. Hoffman*, 139 Wash. 13, 245 Pac. 419,

and *Wimmer v. Parsons,* 141 Wash. 422, 251 Pac. 868, as supporting the judgment rendered. In the first of these two cases, a judgment for damages in favor of the purchaser of a fruit orchard was affirmed, it appearing that false representations had been made to the purchaser to the effect that the tract purchased was good, deep soil, suitable for an orchard, that it was a good commercial orchard and would pay for itself. The case was tried to a jury, testimony having been introduced to the effect that the soil was thin and underlaid with hardpan, being wholly unsuitable for successful fruit growing. The representations made, with the exception of that to the effect that the orchard would pay for itself, were representations as to existing facts, known to the sellers and not known to the purchasers, and the testimony introduced by the plaintiffs, if believed by the jury as it evidently was, amply supported a verdict in plaintiffs' favor.

The second case relied upon by the court also concerned principally representations as to existing facts, it being contended that a dwelling which the plaintiffs in the action had purchased had been by the sellers or their agent represented as built of good material, that it was well heated, that all its rooms were connected with the furnace, that the place was of a certain specified value, and that the purchaser could rent rooms in the house so as to net one hundred dollars per month. All of these representations, save possibly the last, were representations as to existing facts. This case was also tried to a jury which returned a verdict in favor of the plaintiff, the judgment entered thereon being on appeal affirmed by this court, the verdict being clearly supported by competent testimony.

The facts in these two cases are readily distinguished from the facts of the case at bar.

We conclude that the trial court erred in decreeing a rescission of the contract which is the subject-matter of this action, and in awarding respondents judgment against appellants. The decree appealed from is modified by striking therefrom the portion thereof providing for a rescission of the contract and that portion awarding respondents judgment against appellants George A. Spencer and Gertrude L. Spencer.

As this is an equitable action, respondents shall have ninety days after the going down of the remittitur within which to place their contract in good standing should they desire so to do.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.

[1]Reported in 282 Pac. 52.