**BRUFFY et al. v. BAKER et al.**

**No. 7077.**

United States Court of Appeals for the District of Columbia.

Decided Oct. 31, 1938.

Carl A. Marshall, and Raymond M. Hudson, Minor Hudson, and Geoffrey Creyke, Jr., all of Washington, D. C., for appellants.

Horace S. Whitman, of Washington, D. C., for appellees.

Before GRONER, C. J., and EDGERTON and VINSON, JJ.

PER CURIAM.

This is an appeal from a decree of the District Court which dismissed, after a hearing on the merits, a bill of complaint by which appellants sought to rescind their instalment contracts and notes for the purchase of lots in North Beach Park, in Anne Arundel County, Maryland. Appellee Gibbs L. Baker contracted to sell the property to appellants and to convey it, free of encumbrances, on payment of the full purchase price. The contracts represented him as owner. The District Court found the following facts, among others: Baker had legal title and authority to sell. The holder of a mortgage on the tract had orally agreed, and stood ready, to release lots on payment of sums less than those which appellants promised to pay, and Baker was always in a position to convey an unencumbered title on receiving payment from appellants. As agent for procuring offers for Baker's acceptance, he employed one Reidford. Reidford, during negotiations, promised that he or his representatives would resell lots for appellants at a profit to them, and accounted to them for alleged resales of certain lots; but Baker never authorized or acquiesced in these acts of Reidford. He expressly forbade such promises, and never knew of them or of the alleged resales until all his contracts with appellants had been made. Each contract recited that there had been no representations by Baker or his agents as to resale. No effort was made to induce appellants to sign the contracts without reading them, and they were promptly furnished with copies of the contracts they signed. After the contracts were made Baker placed a new mortgage on the property, which provided for the release of lots on payment of a nominal sum; and the legal title was transferred to the corporate defendant, which now offers to convey the lots to appellants upon delivery of a mortgage for the unpaid balance of the purchase price. The prices which appellants agreed to pay were fair. When they first declined to continue performance, they did so upon the ground of the promises of resale.

The evidence supports these findings of the trial court. It appears also that Reidford, with Baker's acquiescence, employed the "lunch and lecture" system of salesmanship; that appellants were elderly people, of small means and no business experience; that they were induced to buy many lots, for which they paid thousands of dollars and agreed to pay thousands more; and that the corporate defendant, when the lots were conveyed to it, agreed to carry out the contracts.

As the prices were fair the contracts, when made, inflicted no loss on appellants. As they now seek to avoid the contracts, it is a fair guess that loss resulted later; but even this is not shown. There is no finding that Reidford's unauthorized representations of an intent to resell were false, and it is not clear that they were,[1] or that they induced appellants to contract. Appellants contend that the supposed resales were "faked," but there is no finding to that effect and no evidence that requires one. Obviously no fraud is established. As appellees have always been ready and able to remove all encumbrances and convey a clear title, the existence of the encumbrances does not relieve appellants of their obligation to buy.[2] Some cases hold that "where a vendor who has contracted to convey land, before the time for completing the transaction, conveys it to a bona fide purchaser, the vendee may treat the contract as rescinded;"[3] but as the transferees here took with notice of appellants' contracts and agreed to perform them, that doctrine has no application.

Affirmed.

---

[1] Cf. Cameron v. Edgemont Investment Company, 136 Or. 385, 299 P. 698.

[2] Robb v. Crawford, 56 App.D.C. 394, 16 F.2d 339; Maryland Construction Co. of Baltimore City v. Kuper, 90 Md. 529, 45 A. 197; Sachs v. Owings, 121 Va. 162, 92 S.E. 997; Lundgren v. Spencer, 154 Wash. 254, 282 P. 58; Woodman v. Blue Grass Land Co., 125 Wis. 489, 103 N.W. 236, 104 N.W. 920; 3 Williston, Contracts (rev. ed.), § 878.

[3] 90 A.L.R. 339.