**HARRINGTON et al.**

v.

**HEANEY et al.**

No. 1396.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 16, 1953.

Decided Dec. 28, 1953.

Herman Miller, Washington, D. C., for
appellants.

Mark P. Friedlander, Washington, D. C., Edward A. Aaronson, Washington, D. C., on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Harrington contracted to buy a house from Cohen and made a deposit of $750 as part payment on the purchase price. The sale was not completed and Harrington brought suit to recover the deposit. This appeal is from the trial court's denial of recovery.

At the time suit was filed Harrington and Robinson were partners engaged in the real estate business. Their partnership has since been dissolved. Appellee Heaney is a real estate broker, with whom appellee Cohen is associated.

The contract between Harrington and Cohen was entered into on September 5, 1946. By its terms settlement was to be made in thirty days or as soon thereafter as a title report could be obtained. It provided for forfeiture of the deposit at the seller's option if the purchaser failed to make settlement. The contract also provided that the property was to be conveyed free of all encumbrances. At the time of the making of the contract the property belonged to one Hutchinson and his wife. Cohen had a contract to buy the property from Moore, who presumably had a contract to purchase from Hutchinson. On September 7 appellant contracted to sell the house to Creasy. Subsequently Creasy was unable to complete his purchase and Harrington requested an extension of time from appellees in order to locate another purchaser. On October 30 Heaney called Harrington and told him that they could wait no longer for settlement. Harrington replied that he was unable to find a purchaser and would have to forfeit the deposit. Heaney requested a letter to this effect, but Harrington said that it was Heaney's duty to write the letter. As a result of this conversation, Heaney wrote to Harrington that unless Harrington was prepared to settle at the title company by noon, November 1, the deposit would be forfeited. Harrington did not appear at the title company on the settlement date.

On November 6 Harrington's attorney wrote letters to the appellees attempting to rescind the contract on the grounds that Cohen had no title to the property and that it was encumbered by two deeds of trust. On November 18 Heaney's attorney sent a letter to Harrington advising him that title was then in Cohen's name and another settlement would be scheduled for November 22. Harrington again failed to appear on that date.

Appellants contend that no forfeiture of the deposit could have been declared prior to November 6 as appellees were not ready and able to convey good title at that time. They say that because there had been no forfeiture, the letter sent by Harrington's attorney on November 6 operated as a valid rescission of the contract entitling Harrington to a return of his deposit. We cannot agree with this argument. Our view is that there was a valid forfeiture of the deposit on November 1, and even if there were not, we feel that the failure of Harrington to appear for settlement on November 22 would entitle appellees to declare a forfeiture as of that date.

It is clear that the parties agreed to a forfeiture in their telephone conversation of October 30. Harrington himself testified that he informed Heaney that he was unable to find a purchaser and would have to forfeit and requested Heaney to write a letter confirming the forfeiture. It is true, as appellants contend, that only the vendor may declare a forfeiture.[1] Thus, Harrington's statement alone would not have the effect of a valid forfeiture. But Heaney's verbal agreement that Harrington forfeit and his subsequent letter clearly show the vendor's intention to declare a forfeiture. Nor do the facts that title was not in the vendor's name and that the property was encumbered invalidate the forfeiture. It is well established that a

---

1. Keith v. Berry, D.C.Mun.App., 64 A.2d 300.

vendor must be ready, willing, and able to convey before he can forfeit the deposit of a defaulting purchaser.[2] But lack of title and the existence of encumbrances do not necessarily prevent him from being ready, willing, and able. If the vendor has the means of obtaining the title he contracted to deliver, the purchaser will not be excused from performing prior to the date of settlement.[3] This is especially true when the purchaser knew that the vendor had no title at the time the parties entered into the contract.[4] In the case at bar Cohen had no title at the time he contracted with Harrington. But he did have the means of acquiring that title. This is shown by the facts that he had a contract to purchase from Moore, and actually did receive title from Moore on November 8. His failure to obtain title prior to that date is explained by his testimony that he wished to settle all the transactions involved at one time, a common practice among real estate brokers. Whether the vendor actually had the means of obtaining title was a question of fact.[5]

■ Nor would the existence of deeds of trust on this property prevent Cohen from being ready, willing, and able. It is well established that the existence of encumbrances will not excuse a purchaser from buying, if the purchase price is sufficient to pay off these obligations.[6] As Harrington was to pay all cash under his contract, there would have been more than sufficient money to pay off the deeds of trust. The fact that Cohen did not actually remove them for several months is of no importance, as a vendor is not required to endanger himself by removing the encumbrances and then risk a default by his purchaser.[7]

■■ As a result of Harrington's statement that he could not perform his contract, the appellees were relieved of the formality of tendering a deed before declaring the forfeiture. Harrington by his statement waived such tender,[8] as he showed that he would not accept the deed, and the law does not require the doing of a useless act.

As a valid forfeiture was declared on November 1, the attempted rescission by Harrington's attorney five days later was of no effect. Nor was there any ground upon which a rescission could be based, since the vendor was always ready, willing, and able to convey.

■ Appellants contend that the appellees showed they still regarded the contract as being in effect when they made a settlement appointment for November 22, and therefore there could have been no forfeiture on November 1. As we have shown above, the parties agreed to a forfeiture by their actions on October 30 and November 1. The deposit was forfeited as of the latter date. The act of setting a second date for settlement merely gave Harrington another opportunity to go through with the sale. Appellants would have us penalize the appellees for giving them such opportunity. This we will not do. Even if the argument of no forfeiture on November 1 were accepted, his failure to settle on November 22 would be ground for forfeiture of the deposit, as Harrington's attempted rescission was of no effect and he would have been obligated to purchase the house on November 22.

Affirmed.

2. Sabghir v. Ginsburg, D.C.Mun.App., 51 A.2d 308; 59 A.L.R. 194.

3. Bruffy v. Baker, 69 App.D.C. 266, 100 F.2d 439; Brown v. Lee, 5 Cir., 192 F. 817; Hazleton v. LeDuc, 10 App.D.C. 379; Decatur Corporation v. Friedman, D.C., 39 F.Supp. 692, affirmed, Friedman v. Decatur Corporation, 77 U.S.App.D.C. 326, 135 F.2d 812.

4. 3 Williston, Contracts (Rev.Ed.) § 878; Restatement, Contracts, § 283.

5. Decatur Corporation v. Friedman, supra.

6. Bruffy v. Baker, supra; 55 Am.Jur., Vendor and Purchaser, § 227.

7. Maryland Const. Co. of Baltimore City v. Kuper, 90 Md. 529, 45 A. 197.

8. Citizens' Nat. Bank of Roswell, N. M. v. Davisson, 229 U.S. 212, 33 S.Ct. 625, 57 L.Ed. 1153; 55 Am.Jur., Vendor and Purchaser, § 325.