Cortez W. PETERS, Appellant,

v.

BLAGDEN HOMES, INC., and Robert
Blitz, Individually, Appellees.

No. 2342.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 24, 1959.

Decided May 20, 1959.

Richard R. Atkinson, Washington, D. C.,
with whom E. Lewis Ferrell, Washington,
D. C., was on the brief, for appellant.

Samuel R. Blanken, Washington, D. C.,
for appellees.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, on August 19, 1957, contracted
to buy from appellee Blagden Homes, Inc.,
a house then under construction. He gave
Blagden Homes two deposits totaling $500.
The sale, however, was not completed and
appellant brought this suit to recover his
deposit.[1] The trial court, sitting without a
jury, denied recovery and this appeal fol-
lowed.

The contract required that settlement be
made on October 1, 1957. It provided for
forfeiture of the deposit at appellee's op-
tion if appellant failed to complete the pur-
chase. It also contained the following war-
ranty: "Basement to be guaranteed against
dampness and leakage for one year."

On September 15, 1957, a heavy rain-
storm occurred, and the next day appellant

[1] This suit was originally brought against
both Blagden Homes and its president,
Robert Blitz, who allegedly acted as an
agent in negotiating the sale. Accord-
ing to the statement of proceedings and
evidence, the suit against Mr. Blitz was
"dismissed on motion of counsel," but
which counsel we are not informed. Al-

though Mr. Blitz's name appears on the
caption as an appellee, no complaint was
made here of the dismissal of the action
against him below, and we do not re-
gard him as a party any longer. When-
ever "appellee" is used in this opinion,
the reference is to Blagden Homes only.

visited the house and found the basement flooded with water. According to his testimony he became convinced that the water problem could not be corrected by October 1, and he therefore decided to refuse to go through with the purchase. He sent appellee a letter, dated September 20, 1957, notifying it of his intention and requesting return of his deposit.

Appellee's president testified that two or three days after he received appellant's letter, he informed him that appellee stood ready and willing to correct the water problem prior to October 1, by performing some grading in the rear of the house and other work about a window well. Appellant reiterated his position, whereupon appellee declared the deposit forfeited. A further discussion ensued and appellee agreed to return the deposit if it could sell the house to another purchaser for the same price. However, the resale resulted in a loss of $2,000, and appellee retained the deposit.

The further grading in the rear of the house was not done until after October 1. Appellee's evidence showed that, although it could have performed the work prior to October 1, it waited until it could do grading for several houses at the same time, because this was a more economical procedure. There was testimony that the grading was effective, and that the basement remained dry thereafter.

We think it clear that the decision of the lower court was correct. If appellee could have performed its part of the bargain at the settlement date, appellant could not have been excused from his obligations until that time.[2] Appellee's evidence indicated that it could have corrected the water problem by October 1, and we must assume, by virtue of the general finding for appellee, that the court so ruled on this factual question. Therefore, appellant's unjustifiable repudiation of the contract prior to the settlement date made him the breaching party, and gave appellee the right at that time to declare a forfeiture of the deposit, which it did. Nor was appellee required to correct the water trouble prior to October 1, in order to be entitled to retain the deposit. When appellant breached the contract first, appellee was thereby excused from further performance.[3]

Affirmed.

2. Harrington v. Heaney, D.C.Mun.App., 1953, 101 A.2d 838, 840.

3. Friedman v. Decatur Corporation, 1943, 77 U.S.App.D.C. 326, 135 F.2d 812.